FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 15 2006

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TURHAN JAMAR LAMONS,

Defendant.

CRIMINAL ACTION FILE

NO. 4:03-CR-046

O R D E R

This matter comes before the court on the defendant's "Motion to Dismiss for Vindictive Prosecution" [Doc. No. 173]. A hearing was held on the defendant's motion on May 3, 2006.

## I. Factual Background

The following facts are gleaned from the court's review of the record, the parties' submissions, and the evidence presented at the hearing held on May 3, 2006. On July 17, 2003, a grand jury in the Northern District of Georgia returned a single-count indictment against the defendant, Turhan Lamons, charging him with a violation of federal law stemming from an incident that occurred aboard a Comair flight in May 2003. During the first grand jury hearing, the lead case agent in this matter testified that on May 8, 2003, Lamons, a flight attendant for Comair, violated federal law by setting a fire aboard an aircraft while in flight, causing the pilot to make an emergency landing in Rome, Georgia.

On August 19, 2003, the case agent went before a second grand jury and testified to a separate allegedly criminal event that had occurred on September 18, 2001. The agent testified that in addition to the events already enumerated in the transcript of his July 17, 2003, testimony, in September 2001, Lamons, then a flight attendant for Airtran, had phoned in a threat that all people aboard Airtran flight 278 would die. Given the testimony of the case agent, the second grand jury returned a four-count superseding indictment charging that Lamons (1) on May 8, 2003, had criminally interfered with a flight crew by setting a fire aboard an aircraft during flight; (2) on May 8, 2003, had damaged an aircraft during flight by setting a fire to it; (3) on September 18, 2001, had conveyed the false information that all of the passengers aboard Airtran flight 278 would die and; (4) on September 18, 2001, had criminally used a cell phone to convey false information that all of the passengers aboard Airtran flight 278 would die.

On June 15, 2004, the government sought a third indictment, i.e., the Second Superseding Indictment, against Lamons. The government proposed an additional charge against Lamons for using fire to commit a felony in violation of 18 U.S.C. § 844(h)(1). Except for a single statement regarding interstate commerce, no additional evidence was presented. The grand jury returned a five-count Second Superseding Indictment containing the four counts from the August 19, 2003, grand jury indictment, and an additional count

for violating 18 U.S.C. § 844(h)(1).[1] The count alleging a violation of 18 U.S.C. § 844(h)(1) contained in Count Three of the Second Superseding Indictment is the subject of the defendant's current motion.[2]

There is a factual dispute as to the number and timing of the

---

[1] 18 U.S.C. § 844(h) provides:

(h) Whoever--

> (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or
>
> (2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States,
>
> including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. In the case of a second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for 20 years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

[2] On July 21, 2004, the government sought another indictment against Lamons in an attempt to comply with Blakely v. Washington, 542 U.S. 296 (2004). In this Third Superseding Indictment, the five counts from the June 15, 2004, grand jury indictment remained identical. However, the government presented evidence to the grand jury in support of a series of special findings it intended to prove at the time of trial. On July 21, 2004, the grand jury returned its Third Superseding Indictment, which contained the five counts from the June 15, 2004, indictment and eight new special findings to be made by the jury at trial.

plea offers in this case. At the hearing held on May 3, 2006, counsel for Lamons, Nicole F. Evans-Lambert, stated that the government had presented Lamons with at least two plea offers.[3] At the hearing and in its response brief, the government states that the only relevant plea offer was made on July 8, 2004, more than three weeks after the Second Superseding Indictment. The government argues that the July 8, 2004, plea offer specifically dealt with and offered to dismiss the count alleging a violation of 18 U.S.C. § 844(h)(1) if the defendant pled guilty to two other counts. Given these facts, the government argues that the defendant's argument in his current motion to dismiss has no merit whatsoever since the count alleging a violation of 18 U.S.C. § 844(h)(1) could not have been vindictively brought in such a scenario.[4]

---

[3] It is telling that Lamons makes no mention of the date of the plea offer that he allegedly rejected in the body of his motion to dismiss. Nor does Lamons allege in the body of his motion to dismiss that there were multiple plea offers.

[4] The July 8, 2004, plea offer was memorialized by a letter from Jane Wilcox Swift to then-defense counsel Bruce S. Harvey.

The letter states:

> Enclosed is a proposed plea agreement in this case. This plea offer will remain open through Friday, July 16, 2004, and will be off the table after that date. In the event that we do not reach an agreement, I will have to supersede the indictment on July 20, 2004, to include allegations made necessary by Department of Justice policy in the wake of the Supreme Court's decision in Blakely v. Washington, No. 02-1632, 2004 WL 1402697 (June 24, 2004).

On April 24, 2006, Lamons filed a motion to dismiss Count Three of the Third Superseding Indictment, i.e., the count alleging the violation of 18 U.S.C. § 844(h)(1).[5] In his motion to dismiss, Lamons argues that the count alleging a violation of 18 U.S.C. § 844(h)(1) contained in the Second Superseding Indictment was

---

The July 8, 2004, plea offer then went on to describe each of the Counts pending against Lamons.

In describing Count Three, the July 8, 2004, letter stated:

> On Count Three, Use of Fire to Commit a Federal Offense in violation of 18 U.S.C. § 844(h), there is a statutory mandatory sentence of 120 months, unless this turned out to be a second conviction under Section 844(h), in which case the statutory mandatory sentence would be 240 months. (I have no reason to believe that this would be a second conviction under Section 844(h), so the 120-month sentence should apply.)

The government then proposed a plea offer. The plea offer of July 8, 2004, stated:

> The enclosed plea agreement would reduce defendant's exposure substantially. We propose that defendant plead guilty to Counts Two and Four only of the second superseding indictment, agree to certain applicable guidelines enhancements and to consecutive sentencing on each count, with an agreement that the appropriate sentence should be 57 months on Count Two plus 24 months on Count Four, for a total of 81 months. Defendant would reserve his right to appeal from a sentence totaling more than 81 months' imprisonment.

[5] Count Three of the Third Superseding Indictment states:

> On or about May 8, 2003, in the Northern District of Georgia, the defendant, TURHAN JAMAR LAMONS, knowingly and unlawfully used fire to commit a felony prosecutable in a court of the United States, namely, the offenses described in Counts One and Two of this indictment, in violation of Title 18 United States Code, Section 844(h)(1).

initiated due to prosecutorial vindictiveness. Lamons argues that the government added the count alleging a violation of 18 U.S.C. § 844(h)(1) only because he had exercised his right to reject the government's plea agreement and decided to go to trial. On May 2, 2006, the government responded to Lamons's motion to dismiss, arguing that the facts and circumstances in this case do not support a presumption of vindictiveness and that no actual vindictiveness exists to warrant the dismissal of Count Three of the Third Superseding Indictment.

## II. Legal Analysis

Recently in the United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006), the Eleventh Circuit articulated the governing standard for evaluating whether to dismiss a count when a defendant alleges that the government engaged in a vindictive prosecution in bringing that count. According to Barner:

> A prosecutor may seek a superseding indictment at any time prior to trial on the merits. . . so long as the purpose is not to harass the defendant. . . . As a general rule, as long as the prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute. . . . However, a superseding indictment adding new charges that increase the potential penalty would violate due process if the prosecutor obtained the new charges out of vindictiveness. . . . Vindictiveness in this context means the desire to punish a person for exercising his rights. . . . (internal citations omitted)

Barner, 441 F.3d at 1315.

Barner examined the Supreme Court case law on vindictive

prosecution and explained that Supreme Court jurisprudence draws a clear distinction between the pre-trial actions of a prosecutor and those prosecutorial actions that occur post-trial. The Eleventh Circuit in Barner further clarified the distinction between pre-trial and post-trial actions of a prosecutor. According to Barner:

> While a prosecutor's decision to seek heightened charges after a successful *post-trial* appeal is enough to invoke a presumption of vindictiveness, proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to presumption in the *pretrial* context."

Barner, 441 F.3d at 1316.(internal citations and quotations omitted)

In this case, the action of the prosecutor in bringing an additional count alleging a violation of 18 U.S.C. § 844(h)(1) via the June 15, 2004, Second Superseding Indictment clearly falls within the pre-trial context. Therefore, the court must first determine whether the facts presented in this case give rise to a presumption of vindictiveness.

In his motion to dismiss, Lamons argues, "[T]he third count of his indictment is a product of prosecutorial vindictiveness designed to harass and punish him for not doing the bidding of the prosecution by foregoing his right to go to trial and entering a guilty plea." Lamons continues, "[T]he result of the rejection of the government's plea offer was a trial containing a count with the most severe punishment possible, even though such a punishment was not warranted prior to Mr. Lamons' decision not to plead."

In response, the government argues, "Count Three was added in the Second Superseding Indictment (Docket No. 40) on June 15, 2004. . . . . At that time the government had offered no plea agreement to the Defendant." According to the government, it made a plea offer to then-defense counsel Bruce S. Harvey on July 8, 2004, more than three weeks after the Second Superseding Indictment had added Count Three, which alleged a violation of 18 U.S.C. § 844(h)(1).

The plea offer dated July 8, 2004, which was submitted by the government at the hearing, proposed that the government would dismiss Count Three of the Second Superseding Indictment, i.e., the count which alleges the violation of 18 U.S.C. § 844(h)(1), in exchange for Lamons's plea of guilty to Counts Two and Four of the Second Superseding Indictment. Given these facts, the government argues, "[The] addition of Count Three could not have been the result of Defendant's rejection of the government's plea offer" because Count Three was already included in the charges pending against Lamons when he rejected the government's July 8, 2004, plea offer. The court agrees.

Both Lamons and the government cite United States v. Goodwin, 457 U.S. 368 (1982), for their positions. While the facts of Goodwin are not squarely on point, the court also found Goodwin instructive because Goodwin demonstrates the broad flexibility which a prosecutor has in the pre-trial context in charging a defendant. In Goodwin, the prosecution originally had brought

misdemeanor charges against the defendant. Goodwin initiated plea negotiations with the government but later told the government that he would not plead guilty and that he was exercising his right to trial by jury. After Goodwin had informed the prosecutor that he would not accept the plea bargain, the prosecution obtained a four-count indictment which included a felony count against Goodwin. After he was convicted of one misdemeanor and one felony count, Goodwin "moved to set aside the verdict on the grounds of prosecutorial vindictiveness, contending that the indictment on the felony charge gave rise to an impermissible appearance of retaliation." Id. Based on Goodwin's facts, which are distinguishable from those presented in this case, the Supreme Court rejected Goodwin's challenge to the verdict and held that increasing the potential penalties against Goodwin by charging him with a felony only after he had declined to plead to misdemeanor charges based on the same incident did not give rise to a presumption of vindictiveness. Goodwin, 457 U.S. at 380-83.

Goodwin is of little help to Lamons. In fact, Goodwin indicates that a prosecutor remains free before trial to exercise extremely broad discretion in determining the extent of the societal interest in prosecution and what charges to bring against a particular defendant. Furthermore, Goodwin strongly supports the proposition that a prosecutor's initial decision on what charges to bring should not freeze his future conduct. Goodwin, 457 U.S. at

381-83. Following the precedent of Goodwin, the prosecutor in this case was free to bring additional charges against Lamons after its initial indictment so long as the prosecutor had probable cause to believe that Lamons committed each of the counts added by each of the subsequent Superseding Indictments. Therefore, the court reads no presumption of vindictiveness into the fact that the prosecution brought a series of Superseding Indictments against Lamons, one of which included a count based on an alleged violation of 18 U.S.C. § 844(h)(1).

Nor does the court read any presumption of vindictiveness into to the fact that the count based on a violation of 18 U.S.C. § 844(h)(1) was added one year after the First Superseding Indictment. On this point, Lamons argues, "[G]overnment counsel admitted that the second [superseding] indictment was not returned based on additional evidence, but merely came about because she was 'not aware' that the more punitive statute existed until a year later." Lamons continues, "[T]he government has not provided a legitimate reason for adding the more punitive count nearly a full year after the original indictment issued based on the identical criminal event."[6] The court finds little merit in this argument.

---

[6] On this point, Lamons argues:

> Government counsel's assertion that she was not aware of the more punitive arson statute is absurd for several reasons. First, the arson portion of Mr. Lamons [ sic] case was the very first portion to be indicted by the government. Government counsel has been in practice for

In fact, the Supreme Court in Goodwin addressed this issue.

> We recognize that prosecutors may be trained to bring all legitimate charges against an individual at the outset. Certainly, a prosecutor should not file any charge until he has investigated fully all of the circumstances surrounding a case. To presume that every case is complete at the time an initial charge is filed, however, is to presume that every prosecutor is infallible--an assumption that would ignore the practical restraints imposed by often limited prosecutorial resources. Moreover, there are certain advantages in avoiding a rule that would compel prosecutors to attempt to place every conceivable charge against an individual on the public record from the outset.

Goodwin, 457 U.S. at 382, n. 14.

Even if this court were to assume that the count alleging a violation of 18 U.S.C. § 844(h)(1) had been added by the government because of incompetence or inadvertence, i.e., the prosecution was "not aware" either that a more punitive charge existed or that it was "not aware" that it should have brought the most serious

---

over twenty-five (25) years and has a wealth of experience charging and prosecuting cases. 18 U.S.C. 844 is the statute governing the majority of arson offenses. . . . If it was determined that the alleged criminal event supporting the initial indictment was severe enough to warrant a minimum sentence of ten (10) years consecutive to the underlying felony conviction, certainly the appropriate research would have been done to yield the sentence that the government found to be appropriately punitive in less than a year following the initial charging decision.

In response, the government states that the reason for adding the count alleging a violation of 18 U.S.C. § 844(h)(1) was the Department of Justice's policy which requires the prosecutor to charge the most serious readily provable offense. This Department of Justice policy was articulated by the memorandum known as the "Ashcroft Memorandum."

provable charge against Lamons pursuant to their own internal policy, the court cannot presume that the count alleging a violation of 18 U.S.C. § 844(h)(1) was added vindictively based on these facts alone.

The court would reach the same conclusion even if it were to assume or were presented with evidence that there had been a plea offer made by the government prior to either the Second Superseding Indictment or the July 8, 2004, plea offer. Even if the court assumed that there had been a prior plea offer and that the count alleging a violation of 18 U.S.C. § 844(h)(1) had been added as the result of Lamons's decision to not take this previous plea offer and exercise his right to a jury trial, the court would still reach this conclusion. On these assumed facts standing alone, the court could not find a presumption of a vindictive prosecution.[7]

Plea bargaining involves "give and take" between the government and the accused. It is both commonplace and acceptable

---

[7] In reaching this conclusion, the court placed significant emphasis on Bordenkircher v. Hayes, 434 U.S. 357 (1978). In Bordenkircher, a prosecutor threatened to bring an additional charge if the defendant did not plead guilty to the existing charge. The defendant in Bordenkircher did not plead guilty, and the prosecutor obtained a superseding indictment with the new charge. Although the prosecutor in Bordenkircher added the new charge in an attempt to persuade the defendant not to exercise his right to stand trial, the Supreme Court held that there was no "punishment or retaliation" and hence no vindictiveness or due process violation in plea bargaining, "so long as the accused [was] free to accept or reject the prosecution's offer." Bordenkircher, 434 U.S. at 363.

for a prosecutor to state in the process of plea bargaining negotiation, "I will dismiss Counts B and C, if you plea guilty to Count A. However, if you decide to go to trial, I might bring an additional Count D against you." A prosecutor is permitted to engage in this sort of bargaining and negotiating as long as the prosecutor has probable cause to believe that the accused committed the count added by the subsequent superseding indictment and the accused has the choice to accept or reject the plea offer. In this case, there is no indication that the count alleging a violation of 18 U.S.C. § 844(h)(1) was either added without probable cause or that Lamons did not have the ability to accept or reject the plea offer.

The facts of this case are far less compelling than the facts presented in either Goodwin or Bordenkircher. It should be noted that in both Goodwin and Bordenkircher, the Supreme Court ultimately did not dismiss the counts alleged to have been added in the pre-trial setting as the result of a vindictive prosecution.

In this case, the challenged increased charge, i.e., the addition of the count alleging a violation of 18 U.S.C. § 844(h)(1) does not even appear to have followed Lamons's exercise of his protected rights to decline a plea offer and to demand a jury trial. In fact, all of the evidence produced tends to indicate that the count alleging a violation of 18 U.S.C. § 844(h)(1) was pending and part of the plea offer that Lamons rejected. Moreover,

Lamons has failed to produce any evidence whatsoever that the government offered him another plea offer other than the July 8, 2004, plea offer which contained and in fact offered to dismiss the count alleging the violation of 18 U.S.C. § 844(h)(1).[8] Therefore, the court concludes that the circumstances presented here do not support a presumption of vindictiveness.

Next, the court must examine whether actual vindictiveness exists. On this point, Lamons offered absolutely no evidence. In his brief, Lamons relies greatly on the timing of the additional count alleging a violation of 18 U.S.C. § 844(h)(1). Lamons argues, "Government counsel is well aware of her responsibility to charge cases appropriately based on the information given to her by the prosecuting agency and the severity of the offense." Lamons continues, "Clearly [the prosecution] had the information necessary to support the charge from the onset of Mr. Lamons' case." As discussed above, the court gives this line of argument little weight.

In response, the government, citing to <u>Barner</u>, argues that Lamons has not and cannot point to any evidence that the prosecutor in this case was "actually motivated" by the desire to punish Lamons for the exercise of his rights or that the addition of the count alleging a violation of 18 U.S.C. § 844(h)(1) was added as

---

[8] As discussed above, even if Lamons were able to produce evidence of another plea offer, the court would still reach the same conclusion because of the analysis contained in <u>Bordenkircher</u>.

the result of such animus. Furthermore, the government argues that the addition of the count alleging the violation of 18 U.S.C. § 844(h)(1) was "the product of the prosecutor's increased awareness of the legal implications of Defendant's conduct and her duty to comply with Department of Justice policy." Since Lamons has offered no evidence to rebut the government's argument on this point, the court cannot find that actual vindictiveness exists.

**III. Conclusion**

For the above reasons, the defendant's "Motion to Dismiss for Vindictive Prosecution" is DENIED [Doc. No. 173].

SO ORDERED, this 15TH day of May, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge